IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHON BIBBS, | ) | |
|     Petitioner, | ) | Civil Action No. 11-49 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| SUPERINTENDENT BURNS, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 7] be denied and that a certificate of appealability be denied.

**II.  REPORT**

Before the Court is a petition for a writ of habeas corpus filed by Stephon Bibbs pursuant to 28 U.S.C. § 2254.  He is challenging the judgment of sentence imposed against him by the Court of Common Pleas of Erie County on October 11, 2006.

    **A.  Relevant Background**[1]

On August 15, 2006, Bibbs appeared before the Court of Common Pleas of Erie County and pleaded guilty to one count of possession with intent to deliver, possession as a second or subsequent offense; possession of drug paraphernalia; and, conspiracy to distribute 44.5 grams of crack cocaine.  He

---

[1] Respondents have submitted the Common Pleas Court's file and relevant transcripts.  The documents in the Common Pleas Court's file are indexed and numbered 1 through 54.  They shall be cited to as "CP Dkt. No. ___."

1

was represented by John J. Mead, Esquire. Although there was no plea agreement, the Commonwealth did acknowledge that it would waive the mandatory minimums. (CP Dkt. No. 13; 8/15/06 Hr'g Tr. at 3).

On September 19, 2006, the court sentenced Bibbs to an aggregate term of 66 to 132 months incarceration. (CP Dkt. No. 16; 9/19/06 Hr'g Tr.). He subsequently filed, through his counsel Mead, a Motion For Reconsideration Of Sentence Or In the Alternative Motion To Withdraw Guilty Plea. (CP Dkt. No. 17). On October 11, 2006, the court entered on the docket an order that it had issued the previous day in which it granted the motion in part in that it modified its sentence so the aggregate became 60 to 120 months incarceration, and denied the motion in all other respects. (CP Dkt. No. 19). A hearing was set for his motion to withdraw his guilty plea for January 17, 2007, but on that date Mead informed the court that Bibbs no longer wanted to pursue it. Therefore, on January 23, 2007, the court dismissed his motion to withdraw his guilty plea. (CP Dkt. No. 25).

No direct appeal was filed in the case. Accordingly, Bibbs's judgment of sentence became final for the purpose of determining the timeliness of his petition for a writ of habeas corpus no later than on or around February 23, 2007, which is 30 days from the date the court dismissed his motion to withdraw his guilty plea. See Pa.R.Crim.P. 720(A)(2); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

More than two years later, on or around November 18, 2009, Bibbs filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 32). The PCRA Court appointed William J. Hathaway, Esquire, to represent him. On January 24, 2010, Hathaway filed a "no-merit" letter in which he explained that in his professional opinion Bibbs had failed to state a colorable claim for post-conviction relief. (CP Dkt. No. 38). The PCRA Court granted Hathaway leave to withdraw as counsel and denied the PCRA motion. (CP Dkt. Nos. 40, 42).

Bibbs pursued a *pro se* appeal with the Superior Court of Pennsylvania. (CP Dkt. No. 48). On December 14, 2010, the Superior Court issued a Memorandum in which it affirmed the PCRA Court's decision. (CP Dkt. No. 53, Commonwealth v. Bibbs, No. 347 WDA 2010, slip op. (Pa.Super. Dec. 14, 2010)). It held:

> On November 18, 2009, Bibbs filed a *pro se* PCRA petition seeking release from custody, correction of his sentence, and enforcement of a plea offer made by the Commonwealth prior to the plea. PCRA counsel was appointed and he filed a detailed "no merit" letter with the court on January 25, 2010. Thereafter, on January 28, 2010, the PCRA court issued pursuant to Pa.R.Crim.P. 907, [a] notice of intent to dismiss the PCRA without hearing. Bibbs filed a *pro se* objection to the court's intent to dismiss. On February 18, 2010, the PCRA court issued its final order denying the PCRA. Bibbs filed a timely appeal on February 24, 2010.
>
> Bibbs avers seven issues for appellate review.[2]
>
> > [2] The issues, while disjointed and confusing, can be grouped into three categories: 1) the PCRA court erred when it did not investigate, recognize and enforce the terms of a plea offer which was not made part of his guilty plea, 2) PCRA counsel was ineffective because he did not review plea counsel's records and files, and 3) Bibb's discovery of case law [Santobello v. New York, 404 U.S. 257 (1971)] which constitutes new evidence.
>
> We must first determine whether the PCRA petition, filed in November 2009, was timely filed. The timeliness requirements of the PCRA are jurisdictional; this Court is without power to review on untimely petition. See 42 Pa.C.S. § 9545(b); Commonwealth v. Fisher, 870 A.2d 864, 869 (Pa. 2005). All PCRA petitions must be filed within one year of the date a judgment of sentence becomes final, unless the petitioner pleads and proves one of these three statutory exceptions: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts, or (3) an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i-iii); Fisher, 870 A.2d at 869-70. A petition invoking one or more of these exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).
>
> The record reflects Bibbs did not appeal the judgment of sentence made final by the partial grant of post trial motions on October 11, 2006 Bibbs had one year from that date to file any PCRA petitions. Bibbs did not file his PCRA petition until two years after the deadline had expired.
>
> Bibbs argues his recent finding of Santobello v. New York,[3] 404 U.S. 257, 262 (1971) constitutes newly-discovered evidence. Initially, we must determine whether pre-existing case law is a "fact" for purposes of Section 9545(b)(1)(ii).

> ³ [Santobello] holds, "when a plea results in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).
>
> The first problem with Bibbs' argument is that new case law has never been held to qualify as a newly discovered fact. While we are unaware of any case law that specifically excludes case law from subsection (b)(1)(ii), case law has traditionally been used only to support claims of an after-recognized **constitutional** right. 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added).
>
> However, in order to obtain a review of a claim based on an after-discovered fact, the defendant need only show "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." Commonwealth v. Bennett, 930 A.2d [1264, 1272 (Pa. 2007)], citing Commonwealth v. Lambert, 884 A.2d 848, 852 (Pa. 2005). Bennett also explained that courts had improperly grafted on additional requirements that the newly-discovered fact also be exculpatory or that the fact would likely compel a different verdict. In an initial determination of the applicability of this timeliness exception, neither the PCRA court nor a reviewing court was to examine the merits of the facts asserted. Lambert, at 852. Therefore we are constrained to examine whether Bibbs could not have ascertained the existence of Santobello by the exercise of due diligence. We cannot conclude that taking three years, from the September 2006 sentencing until the November 2009 PCRA petition, to discover a 38 year old, federal case is exercising due diligence. While Bibbs argues that as a layperson he was hindered from discovering Santobello, we find his argument is without merit. This Court has previously held, "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." Commonwealth v. Baldwin, 789 A.2d 728, 731 (Pa.Super. 2001). Again, the averred newly discovered evidence relied upon by Bibbs is 38 years old and could have been discovered prior to the expiration of the one-year PCRA filing period.
>
> The second problem with Bibbs' argument is Santobello is not applicable to his case. His colloquy clearly indicates the plea terms were that the Commonwealth would waive all mandatory minimum sentences in return for Bibbs' pleading guilty as charged. There was no evidence presented to the sentencing court or in the post-sentence motion which would indicate Bibbs was relying upon another promise or agreement made by the Commonwealth which was not fulfilled at the time of sentencing.
>
> Because Bibbs has not demonstrated he is entitled to the newly discovered fact exception, we agree with the PCRA court's determination that the petition in untimely.

(Id. at 2-6 (emphasis in original)).

Bibbs commenced this federal habeas action with this Court at the very earliest on February 18, 2011, which is the date that he submitted the petition for a writ of habeas corpus in the prison mailing system. He challenges his October 11, 2006, judgment of sentence and contends, as he did before the state court, that he is entitled to relief under Santobello.

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). In their Answer, Respondents contend that the petition must be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 16 at 3-4]. Bibbs has filed a Reply [ECF No. 20]. For the reasons set forth below, Respondents are correct that the petition is untimely. Accordingly, it must be denied.

**B.    Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[2] As set forth above, Bibbs's judgment of sentence became final at the very latest on or around February 23, 2007. Thus, he had one year from that date, or until on or around

---

[2]    Nothing in the record in this action indicates that Bibbs is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D). Santobello, the decision he relies upon for relief, does not fall within this provision, as it clearly is not a "new factual predicate that could not have been discovered through the exercise of due diligence." Id. See also Sistrunk v. Rozum, 674 F.3d 181, 188 (3d Cir. 2012) (explaining AEDPA's definition of "new" evidence).

5

February 23, 2008, to file a timely federal habeas petition with this Court. His federal habeas petition, which he filed on or around *February 8, 2011*, is time-barred.[3]

The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). Bibbs would be entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. See also Sistrunk, 674 F.3d at 189-91 ("As we have explained, there are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the right application of a limitation period unfair.") (internal citations and quotations omitted); Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Bibbs has not directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case.

Based upon all of the foregoing, the petition is untimely and it must be denied for that reason.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds

---

[3] Bibbs's PCRA motion was filed well after AEDPA's statute of limitations expired, so it could not serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). Moreover, because it was deemed to be untimely under state law, it did not qualify as "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2) and therefore could not toll AEDPA's statute of limitations for that reason as well. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (a state postconviction petition that is "rejected ... as untimely ... was not 'properly filed' ... and ... [does] not entitle[ ] [a federal habeas corpus petitioner] to statutory tolling under § 2244(d)(2).").

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition is untimely. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  June 8, 2012

cc:   The Honorable Sean J. McLaughlin
      United States District Judge